**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

James Stanley Rogers, Jr.,

    Plaintiff,

    v.                                                           Case No. 1:16cv861

Commissioner of Social Security                     Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's August 15, 2017, Report and Recommendation ("R&R") recommending that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 19).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 21). The Commissioner filed a response to those objections. (Doc. 22).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here.

Plaintiff maintains that the Magistrate Judge's R&R was in error for the following reasons: (1) the ALJ misapplied the *Drummond* rule; (2) the ALJ failed to give proper weight to the opinion of his treating physician, Dr. Gary L. Ray, M.D.; and (3) the ALJ's credibility determination was in error.

**I.     ANALYSIS**

   ***A.     Drummond***

Plaintiff explains that under *Drummond*, the ALJ set aside the RFC determination made by the ALJ in the previous determination, but then made the same RFC determination, with the exception of adding manipulative limitations and a limitation on exposures to hazards. Plaintiff argues that the ALJ did not cite to the specific "new and material" evidence in the record which would support setting aside the prior final decision in Plaintiff's previous application for benefits.

In *Drummond*, the Sixth Circuit held that Social Security claimants and the Commissioner are barred from re-litigating issues that have previously been determined at the administrative level. 126 F.3d 837 (6th Cir. 1997). *Drummond* mandates that "[a]bsent evidence of improvement in a claimant's condition," the findings of an ALJ as part of a prior disability determination are binding on a subsequent ALJ in later proceedings. *Id.* at 842; *see also* AR 98-4(6), 1998 WL 283902, at *3 (June 1, 1998). (ruling that ALJs within the Sixth Circuit must follow *Drummond* by applying res judicata to a prior assessment of a claimant's RFC). The Sixth Circuit has explained that:

> Neither *Drummond* nor SSAR 98–4(6) require the ALJ to make specific comparisons with the evidence supporting the prior final decision. SSAR 98–4(6) states that the proper inquiry is whether "new and additional evidence or changed circumstances provide a basis for a different finding of the claimant's residual functional capacity."

2

*Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 725–26 (6th Cir. 2013). Moreover, as this Court has observed "[n]either *Drummond* nor AR 96–(6) contain any formalistic requirements. Rather, so long as substantial evidence supports the current ALJ's conclusion that new and material evidence requires revision of the previous residual functional capacity the Court should affirm the ALJ's decision." *Smith v. Colvin,* No. 1:14-CV-969, 2016 WL 1068376, at *3 (S.D. Ohio Feb. 8, 2016), *report and recommendation adopted sub nom. Smith v. Comm'r of Soc. Sec., No.* 1:14-CV-969, 2016 WL 1060351 (S.D. Ohio Mar. 17, 2016) (citing *Williams v. Astrue,* 2010 WL 503140 (E.D.Tenn. Feb. 8, 2010) (failure to expressly point out which evidence was relied on was not error, where ALJ discussed evidence post-dating prior ALJ's opinion)); *see also Ballatore v. Comm'r of Soc. Sec., No. 11-cv-15335, 2014 WL 2765269, at *5-6* (E.D. Mich. June 18, 2014) (in determining plaintiff's current disability status, ALJ had a reasonable basis in law for relying on new medical records that post-dated prior ALJ's decision even though current ALJ did not quote or explain the disability finding of prior ALJ).

As the Magistrate Judge explained, the ALJ noted that Plaintiff had new manipulative and environmental limitations due to bilateral wrist fractures. However, even if the ALJ did not discuss this new and material evidence, the failure to expressly point out which evidence was relied on was not error. Therefore, the Magistrate Judge did not err in concluding that the ALJ fulfilled his duty to explain the basis for his finding that he was not bound by the prior RFC finding.

## B. Treating physician

Plaintiff explains that the ALJ should have given the opinion of his treating physician, Dr. Ray, complete deference.

An ALJ must give a treating source opinion concerning the nature and severity of the claimant's impairment controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(d)(2); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). If the ALJ determines that a treating physician is not entitled to controlling weight, the ALJ must "provide good reasons for discounting treating physicians' opinions, reasons that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* (internal quotation marks omitted).

The Court finds no error in the Magistrate Judge's conclusion that the ALJ properly weighed the opinions of Dr. Ray and provided "good reasons" for giving little weight Dr. Ray's opinions. While Plaintiff argues that the Magistrate Judge "wishes to attribute expertise to the ALJ," the Sixth Circuit has explained that "an ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010).

Therefore, the Magistrate Judge did not err in concluding that the ALJ properly weighed the opinions of Dr. Ray and provided "good reasons" for giving little weight to those opinions.

### C. Credibility

Plaintiff explains that it would be impossible to show objective evidence of the severity of Plaintiff's pain and points to the reports and assessments of Dr. Ray as evidence of his allegations of pain. Plaintiff concedes that the record contains instances where he demanded pain medication during E.R. visits. While the Magistrate Judge explained that the ALJ relied on these instances of drug-seeking behavior to discount Plaintiff's reliability, Plaintiff argues that these visits to the E.R. support his allegations of pain because "[i]f a person is experiencing physical pain, they have little choice to do so." (Doc. 21, PAGEID # 748).

"As long as the ALJ cited substantial, legitimate evidence to support his factual conclusions, we are not to second-guess." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012). Therefore, the Magistrate Judge did not err in concluding that the ALJ's credibility determination was proper.

## II. CONCLUSION

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's August 15, 2017 R&R. (Doc. 19). Accordingly, the decision of the Commissioner is **AFFIRMED**. This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                   */s/ Michael R. Barrett*
                                    Michael R. Barrett, Judge
                                    United States District Court